**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4213

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LANCE D. YOUNG,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:05-cr-00063-FPS)

Submitted: February 20, 2008        Decided: May 15, 2008

Before MICHAEL and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elgine H. McArdle, MCARDLE LAW OFFICE, Wheeling, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Randolph J. Bernard, Robert H. McWilliams, Jr., Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lance D. Young appeals his jury convictions for conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(b)(1)(B) and 851 (2000); possession with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1)(B), 841(b)(1)(C) and 851 (2000); aiding and abetting the possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851 (2000); and possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I) (2000). He was sentenced to 420 months' imprisonment. On appeal, he asserts the district court improperly accepted the recommendation of a magistrate judge and denied his motion to suppress. Finding no error, we affirm.

On August 24, 2005, Marlana J. Grose voluntarily informed law enforcement officers that she was involved with Young, her boyfriend, in drug activities at an apartment she leased in Chester, West Virginia. Grose told officers that Young conducted a drug trafficking operation at the premises in which he weighed, cut, and packaged bulk heroin into street level quantities. She also stated Young kept guns in the apartment. Grose alleged she left the premises in late July 2005 because she was concerned for her safety.

Grose, the sole lessee, signed an open-ended consent to search the premises and provided a copy of the lease agreement and

- 2 -

her original key to the premises. That same day, police officers went to the premises to execute the consent search. Young was not at the apartment, and a search of the premises uncovered cash, heroin, firearms, cell phones, and an empty firearm case. On August 26, 2005, after knocking and announcing, law enforcement officers entered the premises and handcuffed Young and a companion named Sonny Baxter. The search of Young yielded a cell phone, baggies and money. Baxter also had a cell phone in his right pants pocket. Officers accessed the text messages stored on the phones and wrote down the contents. On September 2, 2005, police officers returned to the premises and found a baggie containing heroin.

Young filed two motions to suppress the physical evidence on the ground that it was illegally seized. Following a hearing, a magistrate judge recommended that the motions to suppress be denied, and the district court adopted the report and denied the motions to suppress. Young now claims the district court erred in denying his motions to suppress. This court reviews factual findings underlying a district court's suppression determination for clear error and the district court's legal conclusions de novo. United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). When the district court has denied a suppression motion, this court reviews the evidence in the light most favorable to the Government. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

The police entered the premises under Grose's consent. The Government can justify a warrantless search by showing permission to search by "a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974). Authority to consent arises from mutual use of the property by those with joint access or control, so that a cohabitant would recognize the risk that another might allow a common area to be searched. Trulock v. Freeh, 275 F.3d 391, 403 (4th Cir. 2001).

As the sole lessee of the residence, Grose had authority over the premises. She occupied the space until a short time before the search and had access to all areas of the premises. Young argues Grose had abandoned the premises by moving out a few weeks prior to the search. Although she had moved most of her belongings from the residence, she left a few personal items. Grose did not inform the landlord that she was terminating the lease, and the landlord had not terminated the lease or taken any action to evict Grose from the premises. She had visited the residence a week prior to the search and had discussed the rent payment with Young the day before the search. Because Grose had not abandoned the residence, she retained the authority to give consent to allow police officers to search it.

Young also claims Grose's observations were stale because she had moved out weeks before the search. As this court has made clear, "[t]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." United States v. McCall, 740 F.2d 1331, 1336 (4th Cir. 1984). "Rather, we must look to all the facts and circumstances of the case, including the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized." Id. Grose detailed a continuing drug operation using the residence as a heroin stash house for many months. In addition, she had visited the apartment a week prior to the August 24 search. Looking at the facts and circumstances of the case, the information provided by Grose was not stale.

When Officer McDonald entered the premises, he observed pills on the table. McDonald dropped a capsule while examining it, and when he picked up a roll of paper towels to stop the rolling capsule, a clear plastic baggie fell out of the roll. The package contained heroin. Young contends that the heroin was improperly seized because it was not in plain view. "[T]he plain-view doctrine authorizes warrantless seizures of incriminating evidence when (1) the officer is lawfully in a place from which the object may be plainly viewed; (2) the officer has a lawful right of access to the object itself; and (3) the object's incriminating character

is immediately apparent." United States v. Jackson, 131 F.3d 1105, 1109 (4th Cir. 1997). As the officers were searching the house under a proper letter of consent looking for evidence of drugs, the incriminating character of the pills on the table was immediately apparent. A byproduct of that search revealed the baggie with heroin. The seizure of the bag of heroin on the table was proper.

Young finally claims that the information contained in the text messages on the cell phones was improperly seized. Young argues that since the police had to manipulate the cell phones to reveal the text messages they had no authority to examine the phones' contents without a warrant. Privacy rights in the phone are tempered by an arresting officer's need to preserve evidence. This need is an important law enforcement component of the rationale for permitting a search of a suspect incident to a valid arrest. See United States v. Robinson, 414 U.S. 218, 226 (1973).

Albeit in an unpublished opinion, this court has ruled that officers possess the authority to retrieve telephone numbers seized from a pager seized incident to an arrest. See United States v. Hunter, No. 96-4259, 1998 WL 887289 (4th Cir. Oct. 29, 1998) (unpublished). In a similar case, the Fifth Circuit has ruled that officers may retrieve call records and text messages from a cell phone under a search incident to arrest. See United States v. Finley, 477 F.3d 250, 259-60 (5th Cir.) cert. denied, 127 S. Ct. 2065 (2007). Here, officers had no way of knowing

whether the text messages would automatically delete themselves or be preserved.  Accordingly, based upon the reasoning of our prior holding, the Fifth Circuit's like conclusion, and the manifest need of the officers to preserve evidence, we conclude that the officers permissibly accessed and copied the text messages on the phone during the search incident to arrest.

Accordingly, we affirm Young's convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED